Fitzgerald *v.* The People.

———————

THOMAS FITZGERALD, plaintiff in error *vs.* THE PEOPLE, defendants in error.

A general verdict, in a criminal case, is equivalent to a special verdict finding all the facts which are well pleaded in the indictment.

Where, upon an indictment charging the prisoner with having committed the crime of murder in the first degree, the jury find a general verdict of guilty, the court is justified in pronouncing a judgment sentencing him to be hung.

A common law indictment for murder is good and sufficient, in form, to charge the statutory definition of the crime; i. e. the premeditated design to effect the death of the person killed which the statute makes an indispensable ingredient of the crime, is comprehended in the averment of a willful and felonious killing with malice aforethought.

WRIT OF ERROR to the Westchester oyer and ter- miner.

The plaintiff in error was indicted for murder. The indict- ment alleged that the prisoner    *    *    *    *    "on the second day of August, in the year of our Lord one thousand eight hundred and sixty-six, with force and arms, at the town of Westchester aforesaid, of the county aforesaid, in and upon one Ellen Hicks, in the peace of God and of the said people, then and there being feloniously, willfully, and of malice afore- thought, did make an assault; and that said Thomas Fitzger- ald, a certain gun (called a musket,) of the value of ten dol- lars, then and there charged with gunpowder and a leaden bullet, which gun he, the said Thomas Fitzgerald, in both his hands then and there had and held, at and against the said

Ellen Hicks, then and there feloniously, willfully, and of his malice aforethought, did shoot off and discharge ; and that the said Thomas Fitzgerald, with the leaden bullet aforesaid, by means of shooting off and discharging the said gun, so loaded, to and against the said Ellen Hicks, aforesaid, did then and there feloniously, willfully, and of his malice aforethought, strike, penetrate and wound the said Ellen Hicks in and upon the body of the said Ellen Hicks, near the navel, giving to her, the said Ellen Hicks, then and there, with the leaden bullet aforesaid, by means of shooting off and discharging the said gun so loaded to and against the said Ellen Hicks, and by such striking, penetrating and wounding the said Ellen Hicks, as aforesaid, one mortal wound in and through the body of her, the said Ellen Hicks ; of which said mortal wound the said Ellen Hicks did then and there soon after die. ❋ ❋ ❋ ❋ That the said Thomas Fitztgerald, her, the said Ellen Hicks, in the manner and by the means aforesaid, feloniously and of his malice aforethought, did kill and murder ; contrary to the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

The prisoner pleaded not guilty. The jury found a general verdict of "guilty," and the court sentenced the prisoner to be hung.

*Francis Larkin,* for the plaintiff in error. The sentence of the court below is erroneous, for the reason that the indictment only charges the defendant with murder in the second degree.

Murder is divided in two degrees by chapter 197 of Laws of 1862. By section 4 of this chapter, murder in the first degree is punishable with death, and by section 7 of the same chapter, murder in the second degree is punishable by imprisonment in the state prison for any term not less than ten years. By this chapter, § 6, murder in the first degree is defined to be, "First,

when perpetrated from a premeditated design to effect the death of the person killed, or of any human being ; Second, when perpetrated by any act imminently dangerous to others, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual ; Third, when perpetrated in committing the crime of arson in the first degree.  Such killing, unless it be murder in the first degree, or manslaughter, or excusable or justifiable homicide as hereinafter provided, or when perpetrated without any design to effect death by a person engaged in the commission of any felony, shall be murder in the second degree."

The indictment does not charge the killing to have been "perpetrated from a premeditated design to effect the death of the person killed, or of any human being," nor "by any act imminently dangerous to others, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, nor in committing the crime of arson in the first degree."

The indictment does not charge the defendant with murder in the second degree.  For "such killing, unless it be murder in the first degree or manslaughter, or excusable or justifiable homicide, as hereinafter provided, or when perpetrated without any design to effect death by a person engaged in the commission of any felony, shall be murder in the second degree."  There are a great many cases of murder that will fall under the second degree, where the killing is not by "a person engaged in the commission of any felony."

The words with "malice aforethought" do not help the indictment, nor show in what degree murder is charged therein. The words "feloniously" and "with malice aforethought" must be inserted in the indictment.  If either of these is omitted the defendant can only be convicted of manslaughter. (*Barb. Crim. L.* 2d ed. 54.    *The People* v. *Enoch,* 13 *Wend.*

173.) These words must be used as well in the second degree of murder as the first degree.

The indictment for manslaughter is the same as for murder, omitting the words "of his malice aforethought," wherever they occur, and substituting the word "slay" for the word murder" in the latter part of the indictment. (*Barb. Crim. L. 2d ed.* 69.) The indictment should be framed with sufficient certainty to identify the offense * * * that the court may be able to give judgment and award the punishment which the law prescribes. (*Id. and authorities there cited.*)

The statute clearly requires that the degree of offense should be set forth in the indictment. "Upon an indictment for any offense consisting of different degrees as prescribed in this chapter, the jury may find the accused not guilty of the offense *in the degree charged in the indictment;* and may find such accused person guilty of any degree of such offense inferior to that charged in the indictment." (3 *R. S. 5th ed.* 987, § 37. 3 *Hill,* 93. 3 *Park. Cr. R.* 182.) And again, "when by law an offense comprises different degrees, an indictment may contain counts for the different *degrees of the same offense,* or for any of such degrees." (3 *R. S. 5th ed.* 1019, § 53. 8 *Wend.* 211. 3 *Park. Crim. Rep.* 15.)

In Indiana, malice being necessary to constitute murder either in the first or second degree, and the distinction between the offenses consisting in the fact that the act was accompanied either *with or without deliberation,* if the indictment simply charge the prisoner with having committed the offense "*feloniously, willfully and of his malice aforethought,*" the offense charged will be only murder in the second degree. (*Find v. State,* 5 *Ind. Rep.* 400.)

An indictment for burglary in the first degree, which does not charge the entry to have been in one of the modes set forth in the statute definition of that degree of the crime, is fatally defective." (*Fellinger v. The People,* 15 *Abb.* 128.)

And the court in this case say, "Under the present statute classifying the crime of murder into the first and second degrees, a person might be indicted for murder in the second degree. This would be by omitting the allegation of its being *premeditated,* or being committed in the perpetration of some other offense. If under such an indictment the jury should find the prisoner guilty of murder in the first degree, the conviction could not be sustained, nor would the defect be cured by the verdict." (15 *Abb. Pr.* 134. *Fonts* v. *The State,* 4 *Green, Iowa,* 500.) This is precisely the case before the court. (*See Dedieu* v. *The People,* 22 *N. Y. Rep.* 178.)

II. The verdict of the jury is bad. The verdict is simply "guilty," but it don't say of what; whether of murder in the first or second degree. How could the court say the defendant was guilty of murder in the first or second degree? The statute evidently requires the jury to find what the defendant is guilty of. There is no fact or allegation stated in this indictment that would not have had to be stated charging murder in the second degree. Suppose it contains allegations enough to charge murder in the first degree; yet the jury have not told us whether they found the defendant guilty of murder in the first or second degree.

*John S. Bates,* (dist. att'y,) for the people.

*By the Court,* GILBERT, J. The identical language which the legislature employed, in the Revised Statutes, to define the crime of murder was, with the exception of the change in the third subdivision which is not material to the present case, retained in the amendatory act of 1862, dividing this crime into two degrees, and now constitutes, with the same exception, the definition of murder in the first degree. Under the former statute, it has been repeatedly held that the form of an indictment, at common law, like that upon which the prisoner was tried and convicted, was good and sufficient to

charge the statutory definition of the crime, i. e. that the premeditated design to effect the death of the person killed, which the statute, applicable to this case, makes an indispensable ingredient of the crime, is comprehended in the averment of a willful and felonious killing with malice aforethought. This has been the rule of law in this state for over thirty years. (*People* v. *Enoch,* 13 *Wend.* 159. *People* v. *Clark,* 3 *Seld.* 393.) We are not at liberty to change it. While it prevails, the crime charged in this indictment cannot legally be denominated murder in the second degree. That is defined to be a killing which is *not murder in the first degree,* or manslaughter, or excusable or justifiable homicide, or when perpetrated without any design to effect death, by a person engaged in the commission of any felony. It is not necessary to decide what facts other than those last stated, would constitute murder in the second degree. It is enough, that this indictment sets forth the higher crime.

A general verdict is equivalent to a special verdict, finding all the facts which are well pleaded in the indictment. (*Arch. Pl. and Pr.* 172, 3.)

The jury might have found a special verdict, showing the facts, and required the judgment of the court thereon, (2 *R. S.* 421, § 68 ; *Id.* 735, § 14,) or, if the evidence warranted it, they might have found the prisoner not guilty of murder in the first degree, but guilty of either murder in the second degree or of manslaughter. (2 *R. S.* 702, § 27. *Dedieu* v. *The People,* 22 *N. Y. Rep.* 178.)

Having found a general verdict upon an indictment charging the prisoner with having committed the crime of murder in the first degree, the court below were right in pronouncing the judgment upon the record. (*Com.* v. *Gardner,* 11 *Gray,* 438. *White* v. *Com.* 6 *Binn.* 179. *Com.* v. *Flanagan,* 7 *Watts & Serg.* 415. *Johnson* v. *Com.* 12 *Harris,* 586.)

There have been, apparently, conflicting decisions on this subject, in some of the western states, but they proceed on

peculiar statutes, and ought not, therefore, to influence our determination.

The judgment should be affirmed.

[DUTCHESS GENERAL TERM, May 13, 1867. *Lott, J. F. Barnard* and *Gilbert,* Justices.]